# MODESTA LLANOS ET AL.

*v.*

# COURTNEY C. NAIRN.

---

San Juan, Law, No. 510.

### EJECTMENT.

1. Plaintiffs in ejectment must recover on the strength of their own title.
2. When three persons own a tract jointly, their title being based on a

Llanos v. Nairn.

presumption of a grant, and two of them abandon it, and leave the third one in possession, and she sells it all, her purchaser takes a good title as against the heirs of the other two.

3. *Per contra*, if the descendants of all three continued to live on the land, possessing it in common, then all of them had a right thereto.

4. Persons living together as man and wife will be presumed to have been married unless the contrary be proven.

5. Prior to the repeal of the general military order which changed the period of limitation of title to land to six years, possession for six years in good faith and with proper title, *i. e.*, sufficient in form to transfer title, will confer title.

6. If, prior to the sale to defendant, the land was partitioned among the owners thereof, and plaintiffs' ancestors were in exclusive possession of one third of the tract, that was notice to defendant of the extent of the claim of those in possession of the portions respectively.

7. A conveyance by a cotenant out of possession is void as to another cotenant and even as to an outsider in possession.

8. Acquiescence by a party in acts of ownership by the other before suit raises a presumption against the former's claim.

9. Minor plaintiffs' interests go with those of the plaintiffs of age, and if the verdict in ejectment is for defendant on the plea of the statute of limitations, the minors may recover against their guardians, or against the persons whose negligence caused their loss.

Case tried December 5, 1907.

----

*Mr. Rafael Guillermety* and *Mr. Charles Hartzell,* attorneys for plaintiffs.

*Mr. C. M. Boerman* and *Mr. Frank Antonsanti,* attorneys for defendant.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

Llanos v. Nairn.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is a suit in ejectment for the possession of a tract of land as described in the complaint, and damages for the sale by the defendant, Nairn, of a portion thereof, and the wrongful detention of a portion sold by him and the portion that still remains in his possession. It is brought by Modesta Llanos and thirty-three others, six of whom are minors under the age of twenty-one years, against Courtney C. Nairn, as defendant. There are many other persons defending in the cause, but they are only brought into the case under a law of Porto Rico which provides that when any person's title is attacked, such person may ask the court to summon the party or parties that sold the land to him so as to help defend the title.

A fundamental principle of the law of ejectment is that the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary's.

From the evidence in this case it is apparent that neither of the parties can trace their title back to the government, save by presumption, as no paper title emanating from the government has been introduced in evidence before you. There is evidence in the case that the land in question many years ago—anywhere from sixty to more than a hundred years ago—was possessed by some of the grandparents or great grandparents of the plaintiffs and the parties who sold to the defendant, Nairn, and that these great grandparents consisted of three sisters. There is evidence tending to show that these three sisters inherited, or at least were left in possession of, the land in controversy by their parents. There is also evidence in the case tending to show that two of those sisters and their descendants, if they in fact

ever accepted the inheritance, abandoned the land in question, and never thereafter returned to the same, leaving only one of the sisters, María Josefa Escalera, the ancestor of these plaintiffs, in possession thereof. If you believe, from a preponderance of the evidence, that this is really the fact, then, if you further believe, from a preponderance of the evidence, that these plaintiffs are her descendants, you should then find that they were the sole owners and had the sole right to the possession of all of the land in controversy at the time of the purchase by Nairn, and that he took nothing by his deed from the descendants of the other two sisters, and you should find for the plaintiffs as hereinafter instructed.

But, if you believe, from a preponderance of the evidence, that the other two sisters continued to live upon said land until the time of their death, and their descendants, or some of them, accepted the inheritance and continued to live thereon thereafter, and did not in fact abandon the same up to the time of the deed to Nairn, then all of the descendants of the three original sisters were tenants in common, and the possession of one was the possession of all, and the deed to Nairn, if you believe, from a preponderance of the evidence, that it was given to him by all of the descendants of the said two other sisters, would carry an undivided two-thirds interest in and to the 11⅓ acres so sold to him, and he is still the owner thereof, and you must find for him to that extent; but it would not carry the other one-third undivided interest in and to said quantity of said land, but such other one-third undivided interest would still belong to these plaintiffs, the descendants of the other sister, save as to those of them, if any, who you may believe, from a preponderance of the evidence, may have in fact signed the deed or consented to the deed to Nairn.

Llanos v. Nairn.

The court might as well state here that it will presume that the fact that practically all of these plaintiffs, and many of the defendants who were called in under the statute, are of the negro race, will not, and must not, cut any figure whatsoever in the determination of their rights before the jury. Furthermore, you are instructed that the law presumes that all persons who the evidence shows were married and lived together as husband and wife were in fact husband and wife, and you are not permitted to presume that their marriage was not a legal one unless the contrary has been shown to you by a preponderance of the evidence.

You are further instructed that there was a six years' statute of limitation in force in Porto Rico at the time the defendant, Nairn, got his deed for the property described in it, which governs in this case, even though a later legislature increased the term of that statute to ten years or more. And therefore, if you believe, from a preponderance of the evidence, that the defendant, Nairn, was in the public, peaceful, and uninterrupted possession of the property in question for six years or more from the date he purchased the same, which was on October 3, 1901, to the time this suit was filed, which was October 31, 1907, and that he was in such possession in good faith and with a proper title, then plaintiffs are not entitled to recover at all, and you must find for the defendant. And you are instructed that good faith of the possessor consists in his belief that the person or persons from whom he received the property was or were the owner or owners of the same, and could convey the title. And you are further instructed that by a proper title is understood that which legally suffices to transfer the ownership of property rights, the prescription of which is in question.

You are further instructed that, if you believe, from a preponderance of the evidence, that before the time the land purchased by Nairn was deeded to him by the parties who made the deed, the whole tract belonging to this whole succession had been divided, and one-third of it set off to these plaintiffs, and that they acquiesced in such division and in such setting off of one-third thereof to them as satisfactory,—and you are instructed that such acquiescence may be made manifest not only by a deed, but by the acts of the parties without a deed, and is binding on them,—then you are further instructed that, if you believe, from a preponderance of the evidence, that such division and such acquiescence in fact took place, then the plaintiffs here, both adults and minors, are the sole owners of said remaining one third of said land in their own right by undivided interests, and the defendant, Nairn, is the owner of the specific 11⅓ acres (the other two thirds) which he so bought, and plaintiffs are not entitled to recover, and you should find for the defendant.

If, on the other hand, you believe, from a preponderance of the evidence, under these instructions, that these plaintiffs were, at the time the deed was made to Nairn, the sole owners of the entire tract, and that the six years had not elapsed in favor of Nairn, coupled with good faith and good title, as described, then you should find for the plaintiffs that they are entitled to the possession of all of the land in controversy; and further, that they are entitled to damages for the portion thereof which Nairn has sold, as shown by the evidence and the pleadings, and damages for the wrongful detention of the portion that he has left to himself, in such sum as you may, as reasonable men, believe to be right and be able to fix from all of the evidence in the cause, save that, if you believe, from a preponderance of

Llanos v. Nairn.

the evidence, that one or more of the plaintiffs actually signed the deed to Nairn, then you should find in his favor as to the interest of such person or persons, and not assess any damages against him on account of such particular individual interests.

You are further instructed that there is a burden on an intending purchaser to see who is in possession of the land he is about to buy. In other words, no purchaser can close his eyes and refuse to see who is in possession of the land, because he is put upon inquiry as to how or by what right any person is there, who is in possession, and the conveyance by one cotenant, not in possession, in this sort of a case, is void as against another cotenant, or even an outsider in possession.

You are further instructed that any plaintiff has a right to bring a suit in ejectment up to the very last day of the statute of limitations; but the fact that a plaintiff waits around and sees a stranger in possession of his land, improving the same or exercising acts of ownership over it for many years is a strong circumstance against the fact that the person, who afterwards becomes a plaintiff, then believed that he had title thereto.

The court has not instructed you with reference to the minors in this case because we are of opinion that their interests go with the adults, under the law in this kind of a case, and, if you find for the plaintiffs to any extent, you will, of course, at the same time, find for the minors; and, if you find completely for the defendant, the interest of the infants remains with the plaintiffs in the one third of the land they are now in possession of; and, if they have been damaged by the act or acquiescence of any of their cotenants, parents or tutors, they have, under the law and the facts here, an action against them in that behalf.

Verdict: We, the jury, find that the plaintiffs, save the plain-

Llanos v. Nairn.

tiffs named Agapita Cruz y Alvarez and Clara Cruz y Alvarez, are entitled to recover an undivided one-third interest in and to the property as described in the complaint, that is still in possession of defendant, Nairn, together with damages in the sum of $1.